UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BIG O TIRES, LLC,

        Plaintiff,

v.                                       Case No. 09-14512
                                       Honorable Denise Page Hood

HAITHIM MASRI; FATINA MASRI;
F&H PROPERTIES, LP; H&F TIRES, LP;
OPTIMA INVESTMENT GROUP, LP;
PRECISION REAL ESTATE INVESTMENTS,
LLC; H&F AUTOMOTIVE, LP; PROSPECT
ASSOCIATES, LLC; SUPERIOR INVESTMENTS,
LP; MASRI ASSOCIATES, INC.; ISRAM
HOLDINGS, LLC; ISRAM PROPERTY
MANAGEMENT, LLC; LENA MASRI;
RENIA MONA MASRI; M&M MANGAGEMENT
II, LP; and H&F HOMES, LP,

        Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

### I.    INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss **[Docket No. 3, filed on November 25, 2009]**. Plaintiff filed a Response on December 21, 2009 **[Docket No.8]**, to which Defendants filed a Reply **[Docket No. 9, filed on December 30, 2009]**. On August 9, 2010, Defendants filed Motion for Leave to File Supplemental Brief in Support of Fatina Masri, et al.'s Motion to Dismiss Big O Tires, LLC's Complaint **[Docket No. 20]**. Plaintiff filed a Response on August 26, 2010 **[Docket No. 22]**, to which Defendant replied on September 2, 2010 **[Docket No. 24]**.

### II.    STATEMENT OF FACTS

Plaintiff alleges that, in 2003, an entity owned by Defendant Dr. Haitham Masri entered into franchise agreements with Plaintiff Big O Tires. The entity, U.S. Autocare, LLC, owned thirteen Big O Tire franchises throughout southeastern Michigan. Plaintiff alleges Dr. Haitham Masri transferred substantially all of his assets to protect them from seizure by one of Dr. Haitham Masri's judgment creditors, Plaintiff Big O Tires. Plaintiff alleges that Dr. Haitham Masri and his then wife, Dr. Fatina Masri, personally guaranteed U.S. Autocare's obligations. In 2005, U.S Autocare filed for bankruptcy, and all of the franchises were closed. Plaintiffs allege that Dr. Haitham Masri and Dr. Fatina Masri defaulted in their obligations under the personal guarantees for the franchises.

Plaintiff allegedly sued Dr. Haitham Masri and Dr. Fatina Masri for fraud and breach of contract in the Denver County District Court. The Court found the Masris liable for fraud, entering a judgment against Dr. Haitham Masri in the amount of $2,011,942, and against Dr. Fatina Masri in the amount of $26,596. Plaintiff alleges that, after the Masris failed to satisfy the judgment against them, Plaintiff sought to have the judgment enforced by the Oakland County Circuit Court in Michigan. The Court ordered the seizure of the Masris property. However, even with the seizure of the property, Plaintiff's allege that approximately $1,988,866 of the judgment remains unpaid.

Plaintiff alleges that Dr. Haitham Masri and his family have over three million dollars worth of assets, despite the claims that he cannot satisfy the judgment against him. Dr. Haitham Masri was ordered not to transfer any property until further order by the court, and, in July of 2007, the court entered an order granting Plaintiff's motion to charge all of the limited partnerships and limited liability companies Dr. Haitham Masri had an interest in to satisfy the remainder of the judgment. Plaintiff alleges that Dr.

Haitham Masri engaged in fraudulent transfers of his assets, including the transfer of his interests in the Masri family entities to Dr. Fatina Masri as part of a divorce settlement agreement.

Defendants removed this case to this Court and now moves to dismiss, claiming that Plaintiff does not have standing to bring this action, and that Plaintiff's Complaint does not allege fraud with the necessary level of specificity.

### III. APPLICABLE LAW & ANALYSIS

#### A. Standard of Review

Federal Rules of Civil Procedure 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted. This type of motion tests the legal sufficiency of the plaintiff's Complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). A court takes the factual allegations in the Complaint as true when evaluating the propriety of dismissal under Fed. R. Civ. P. 12(b)(6). *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509,512 (6th Cir. 2001); *Hoeberling v. Nolan*, 49 F. Supp.2d 575, 577 (E.D. Mich. 1999). Further, the court construes the complaint in the light most favorable to the plaintiff, and determines whether it is beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Varljen v. Cleveland Gear Co., Inc.*, 250 F.3d 426, 429 (6th Cir. 2001).

#### B. Standing

Defendants argue that Plaintiff lacks standing to bring its claim because the judgment creditor in the underlying January 19, 2007 Judgment referenced in the Complaint is identified as Big O Tires, Inc., not Big O Tires, LLC. Defendant also argues that, under MCLA 566.31, *et seq.* ("UFTA"), a plaintiff must be a creditor whose

claim arose before the allegedly fraudulent transfer was made in order to have standing. Plaintiff argues that Big O Tires, Inc. is the same entity as Big O Tires, LLC, but converted from a Nevada corporation to a Nevada limited liability corporation. Defendants contend Plaintiff withdrew as a corporation in Michigan, acknowledging that it is no longer transacting business in the State of Michigan.

Defendants' arguments regarding Plaintiff's lack of standing are meritless. Although Defendants argue that Plaintiff is no longer a corporation transacting business in the State of Michigan, Defendants provide no argument as to why Big O Tires, Inc. and Big O Tires, LLC should not be recognized as the same entity in federal court. Plaintiff has presented a Plan of Conversion from the State of Nevada, which states Big O Tires, LLC was "deemed to be the same entity as [Big O Tires, Inc.] as it existed prior to the conversion, without interruption." Plan of Conversion, Exhibit A to Plaintiff's Brief in Response to Defendants' Motion to Dismiss. There is no legal support for the proposition that a corporation incorporated or classified in one state is not recognized as a legal entity in another state. Further, Big O has represented to this Court that Big O Tires, Inc. and Big O Tires, LLC are the same entity, and can provide an affidavit testifying to the same. Such an affidavit would allay Defendants' concern that payments made to Big O' Tires LLC would not satisfy the judgment against Big O Tires, Inc. In a motion to dismiss, the facts are construed in the light most favorable to the non-moving party. Accordingly, Defendants' claim that Plaintiff lacks standing to sue appears to be without merit.

### C. Defective Complaint

Defendants argue that Plaintiff's Complaint is defective because it fails to plead

fraud with the specificity required under Fed. R. Civ. P. 9(b), *Ashcroft v. Iqbal*, 129 S.Ct.1937 (2009), and applicable Michigan law. Plaintiff argues that Plaintiff is not alleging common law fraud, but rather fraud under the UFTA, rendering Defendants' arguments about whether Plaintiff has pled facts that would give rise to a claim under UFTA inapplicable. Under the UFTA, a creditor must allege a transfer of assets with the actual intent to hinder, delay, or defraud the creditor. *See* Mich. Comp. Laws §566.34(1)(A). Defendant argues that, far from alleging facts that would support a claim under the UFTA, Plaintiff merely states legal conclusions.

Plaintiff, however, argues that it alleges at least three specific fraudulent transfers in its Complaint. Plaintiff contends the allegations contained within its Complaint are more than mere legal conclusions, but provide factual bases for Plaintiff's claims. In addition to alleging three specific transfers, Plaintiff points to its allegations that the transfers occurred after Defendant Dr. Haitham Masri incurred a substantial debt to Plaintiff, that the value of consideration received for the transfers was not commensurate with the value of the assets transferred, and that the transfers were made to an insider. These are more than mere legal conclusions, but facts alleged to support Plaintiff's claims.

For purposes of evaluating a motion to dismiss, the complaint is to be construed in the light most favorable to the non-moving party. "[W]e construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to a judgment as a matter of law." *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327,336 (6th Cir. 2007). When construing the facts alleged in the Complaint in the light most

favorable to the Plaintiff, it is clear that they go beyond mere legal conclusions, and Defendants' Motion to Dismiss must be denied.

### D. Defendants' Supplemental Briefing

On August 9, 2010, Defendants filed a Motion for Leave to File Supplemental Brief in Support of Fatina Masri, et al.'s Motion to Dismiss Big O Tires, LLC's Complaint. Defendants have not shown good cause for leave to supplement their briefing. The supplemental brief seeks to introduce information learned in the early stages of discovery. However, as Plaintiff argues, a motion to dismiss under Rule 12(b)(6) must rely on the pleadings alone. *See, e.g.*, *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 989 F. Supp. 838, 841 (E.D. Mich. 1997). The Court cannot consider the additional information, apparently learned through discovery, in deciding the motion before it. Defendants' Motion for Leave to File Supplemental Brief in Support of Fatina Masri, et al.'s Motion to Dismiss Big O Tire, LLC's Complaint must be denied.

## IV. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Defendants' Motion to Dismiss **[Docket No. 3, filed on November 25, 2009]** is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Leave to File Supplemental Brief in Support of Fatina Masri, et al.'s Motion to Dismiss Big O Tires, LLC's Complaint **[Docket No. 20, filed on August 9, 2010]** is DENIED.

s/ DENISE PAGE HOOD
Denise Page Hood
Dated: September 27, 2010          United States District Judge